**Ademir ALVES–SANTANA, aka Richard Dios–Conceicao, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75478.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**574**

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Ademir Alves–Santana, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. Reviewing legal issues and constitutional claims de novo, *Vasquez–Zavala v. Ash-*

croft, 324 F.3d 1105, 1107 (9th Cir.2003), and the agency's findings regarding credibility and eligibility for relief for substantial evidence, *Singh v. Ashcroft,* 362 F.3d 1164, 1168 (9th Cir.2004), we grant the petition for review in part, deny in part, and remand for further proceedings.

■ Substantial evidence does not support the agency's adverse credibility determination. That Alves–Santana entered a guilty plea in state court in order to avoid further jail time, even though he did not commit the crime, is an improper basis for finding that Alves–Santana was not credible regarding his asylum claim. *See Turcios v. INS,* 821 F.2d 1396, 1400 (9th Cir. 1987) ("[u]ntrue statements by themselves are not reason for refusal of refugee status"). The record does not support the IJ's findings that Alves–Santana testified inconsistently about whether his family has received threats since he left Brazil, *see Singh,* 362 F.3d at 1170, or that Alves–Santana was evasive or non-responsive, *see Jibril v. Gonzales,* 423 F.3d 1129, 1137 (9th Cir.2005). The IJ failed to identify where Alves–Santana's testimony was lacking in detail. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1147 (9th Cir.2005). The other inconsistencies articulated by the IJ cannot be viewed as attempts by Alves–Santana to enhance his claim. *See Singh,* 362 F.3d at 1171. Because each of the IJ's grounds for finding that Alves–Santana lacked credibility fails, further corroboration of his claim is not required. *See Marcos v. Gonzales,* 410 F.3d 1112, 1118 (9th Cir. 2005).

■ Taking Alves–Santana's testimony as true, *id.,* the record compels the conclusion that he established past persecution because he testified that he suffered an attempt on his life and received numerous death threats that continued until he left

Brazil. *See Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir.2002) (concluding that petitioner established past persecution where petitioner was threatened, harassed, and subjected to staged car crashes that put him at serious risk of injury or death). We remand for a determination, in the first instance, whether Alves–Santana has otherwise established eligibility for asylum and withholding of removal and, if so, whether the government has met its burden of rebutting the presumption of a well-founded fear of future persecution and for the agency's exercise of discretion in determining whether to grant relief. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

We have jurisdiction to review Alves–Santana's contentions that the IJ committed an error of law and violated his due process rights in denying voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B) and (D). However, the record does not support Alves–Santana's contention that the IJ improperly required him to state that he would return to Brazil, specifically, rather than simply leave the United States. It follows that the IJ did not deny Alves–Santana due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (where there is no error there is no due process violation).

In light of this holding, we need not reach Alves–Santana's remaining contentions.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.